UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gordon Lumber Holdings Company,　　　　　　　　Case No. 3:23-cv-1647

　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　　　　ORDER

Derek Cowen, *et al.*,

　　　　　Defendants.

　　　　Plaintiff Gordon Lumber Holdings Company filed suit against Defendants Derek Cowen, C&C Components, L.L.C., David McGee, and Gordon Components MI LLC, asserting claims against Defendants for alleged violations of state and federal law. (Doc. No. 1). Plaintiff also filed a motion for a temporary restraining order, (Doc. No. 2), a motion for a preliminary injunction, (Doc. No. 4), and a motion for expedited discovery. (Doc. No. 5). I held a telephone status conference with counsel for the parties on August 31, 2023.

　　　　A court considering a motion for a temporary restraining order must consider:

> (1) whether the movant has a strong or substantial likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the relief requested; (3) whether issuance of the injunction will cause substantial harm to others; and (4) whether the public interest will be served by issuance of the injunction.

*Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati,* 363 F.3d 427, 432 (6th Cir. 2004) (quoting *Blue Cross & Blue Shield Mut. of Ohio v. Columbia/HCA Healthcare Corp.*, 110 F.3d 318, 322 (6th Cir. 1997)). The movant's burden is a heavy one and involves a showing "that the

circumstances clearly demand" the entry of injunctive relief. *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000)).

I conclude Plaintiff has not met its heavy burden to show a temporary restraining order is appropriate. First, Plaintiff has not yet established it has a strong likelihood of success on the merits of its claims. The nature of the parties' preexisting relationship, the representations that Plaintiff previously approved of Defendants' business activities in Michigan, and the evidence that some of the customers with whom Plaintiff alleges Defendants interfered were in fact Defendants' customers, all raise significant questions about the strength of Plaintiff's claims.

These circumstances also lead me to conclude Plaintiff has not established it will suffer irreparable harm if a temporary restraining order is not issued. "'Irreparable harm' is 'a harm that a court would be unable to remedy even if the movant would prevail in the final adjudication,' . . . such as a harm that could not be compensated by calculable money damages." *Kendall Holdings, Ltd. v. Eden Cryogenics LLC*, 630 F. Supp. 2d 853, 866-67 (S.D. Ohio 2008) (quoting 13 James Wm. Moore *et al.*, Moore's Federal Practice § 65.06[2] at 65-22 (3d ed. 2008), and citing *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992)). Plaintiff has not established that any harm it ultimately may be found to have suffered cannot be remedied by monetary damages. Therefore, I deny Plaintiff's motion for a temporary restraining order. (Doc. No. 2).

I order counsel and the parties to attend a preliminary injunction hearing on September 26 and 27, 2023, beginning at 9:00 a.m., in Courtroom 204 of the James M. Ashley and Thomas W. L. Ashley U.S. Courthouse. The parties shall exchange proposed exhibits and witness lists on or before September 22, 2023. The parties also are granted leave to file supplemental briefs regarding Plaintiff's motion for a preliminary injunction on or before September 22, 2023.

I deny Plaintiff's motion for expedited discovery, (Doc. No. 5), without prejudice. Plaintiff is granted leave to file an amended motion, providing greater specificity as to the particular issues and scope of the discovery sought.

Finally, I order counsel for the parties to attend a telephone status conference on September 19, 2023, at 3:30 p.m. Counsel shall use the Court's bridge line (877-411-9748, access code 1231873) to participate in the conference.

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge